SANTIAGO RAMÓN ROBLES, Petitioner, v. DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 895. Argued April 3, 1933.—Decided July 28, 1933.

*Pascasio Fajardo Martínez* for petitioner. *José Sabater* for intervener, Moral & Co., *S. en C.*

MR. JUSTICE WOLF delivered the opinion of the Court.

The facts set up in the petition in connection with the opposition presented by Moral & Co. have convinced us that the writ issued in this case should be annulled.

María Concepción de Latorre began a proceeding in the District Court of Mayagüez under the summary process of the Mortgage Law against Alejandro Marini to recover $2,343.36, etc. A demand was issued against the debtor, an auction took place, and the property was adjudicated to Santiago Ramón Robles in the sum of $200.

Moral & Co. had a second mortgage against the same debtor and began an ordinary suit to recover the same. The property it would appear was bought in by Moral & Co. itself. The title so acquired was recorded in the registry of property.

When Santiago Ramón Robles, who had bought the property under the first mortgage, appeared in the registry presenting his title, the record was denied because of the previous record made by Moral & Co.

Relying upon section 71 of the Mortgage Law and the decision of this court in the case of *Federal Land Bank* v. *Registrar,* 42 P.R.R. 276, Santiago Ramón Robles asked the District Court of Mayagüez for an order whereunder Moral & Co. be required to pay the amount of the debt or else to have its record in the registry of property canceled.

In answer to the aforesaid motion Moral & Co. presented a rather elaborate opposition. Among other things it showed, or attempted to show, that the first mortgage creditor had agreed to extend the payment of the mortgage and that after

the sale they agreed that the said sale be rescinded and the property returned to Marini. In other words, Moral & Co. set up a compromise. As a result of this opposition the District Court of Mayagüez ordered a hearing on the questions or issues presented. The District Court of Mayagüez overruled the motion of Santiago Ramón Robles for several reasons; first, because the promissory notes on which the mortgage proceeding was begun did not accompany the original writing, and second, the court entered into a discussion of the evidence to show that Santiago Ramón Robles by reason of the compromise effected, and otherwise, had no right to buy the property in question. In this court the respondent draws attention to the fact that Santiago Ramón Robles had no right to ask that he should be paid the amount of $2,343.36, inasmuch as all he had expended for the purchase of the property was $200. The principal insistence of the petitioner in this case is that the mortgage proceeding according to section 175 of the Mortgage Law Regulations should not be interrupted by, it may be said, collateral proceedings.

The petitioner in the certiorari before us says Moral & Co. had no interest to appear in this proceeding but it seems self-evident to us that they did have. The petitioner maintains that he has no other remedy. Without attempting to point out what the remedy should be, we feel bound to hold, as we have held, that an appeal could be taken when section 71 of the Mortgage Law is involved. *González* v. *Ortiz,* decided June 24, 1933 (*ante,* p. 277).

The writ of certiorari issued in this case must be annuled.